UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| DGB AUTO SALES, INC., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 2:06-CV-225-PS |
| | ) | |
| ACCEPTANCE INDEMNITY | ) | |
| INSURANCE COMPANY and CROWEL | ) | |
| AGENCY, INC., | ) | |
|     Defendants. | ) | |

## OPINION AND ORDER

The parties here contest whether the Court has proper jurisdiction over this action. For reasons explained below, we find that complete diversity does not exist in this case. Accordingly, we have no choice but to remand this matter to state court.

## BACKGROUND

The original complaint in this action [DE 1] was filed in Lake County Superior Court on April 21, 2006. Plaintiff DGB Auto Sales, Inc. alleges that it is an Indiana corporation engaging in the pre-driven auto sales business. (Compl. at 1.) On June 22, 2006, Defendant Acceptance Indemnity Insurance Company (AIIC) removed the case to federal court [DE 2], claiming that "Plaintiff is an Indiana Corporation and has its principal place of business in the State of Indiana. Defendant is a Nebraska corporation with its principal place of business in the State of Nebraska." (Def. Notice at 3.) Defendant acknowledged that, from the face of the complaint, it appeared that the amount in controversy did not exceed $75,000. (*Id.* at 2.) Plaintiff, however, denied a request to admit that the total value of its claims were not greater than $75,000. (*Id.*) Thus, Defendant argued that jurisdiction was proper in federal court. (Def. Notice at 3.)

On November 15, 2006, DGB moved for leave to amend the original complaint [DE 9],

seeking to add Crowel Agency, Inc. as an additional defendant.  AIIC did not object to the filing of the amended complaint, but instead "reserve[d] the right to argue that the addition of defendant, Crowel Agency, Inc., [did] not defeat the diversity jurisdiction in this matter."  (Mot. at 1.)  Magistrate Judge Rodovich granted the Motion [DE 10].  The Amended Complaint [DE 11] expressly states that Crowel is an "Indiana corporation engaged in the insurance business."  (Am. Compl. at 3.)  Furthermore, Crowel admits that it is an Indiana Company [DE 13].  (Crowel Ans. at 6.)

This Court, concerned that it lacked subject-matter jurisdiction due to the addition of Crowel, issued an order to the parties to clarify why the Court had diversity jurisdiction [DE 17].  Specifically, the Court asked AIIC to clarify why the addition of Crowel did not destroy diversity and ordered DGB to explain how this case met the amount-in-controversy requirement.  (*Id.* at 2-3.)  Both parties have responded to the Court's order.

## DISCUSSION

Under 28 U.S.C. § 1332(a), a federal court has jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs.  If either requirement of diversity jurisdiction is lacking, the court must remand the case.  28 U.S.C. § 1447.  Moreover, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  The plain language of § 1447(e) dictates that we must remand this case as the addition of Defendant Crowel destroyed diversity and therefore also federal subject-matter jurisdiction.

Seventh Circuit precedent requires the same.  For example, in *in re Florida Wire &*

*Cable Co.*, 102 F.3d 866 (1996), the plaintiff filed its complaint in state court. *Id.* at 867. The defendant removed the case as, at that time, complete diversity existed and the amount in controversy exceeded the threshold amount. *Id.* The plaintiff then filed a motion for leave to amend its complaint to include a non-diverse defendant. *Id.* The district court granted this motion over the defendant's objections. *Id.* The district court consequently dismissed and remanded the case to state court because of the addition of the non-diverse party. *Id.* Finding that it had no jurisdiction, the Seventh Circuit nonetheless noted that § 1447(e) applied in that situation – similar to the one presented here. *Id.* at 868-69. Likewise, in *Estate of Alvarez v. Donaldson Co., Inc.*, 213 F.3d 993, 996 (7th Cir. 2000), the appeals court found that the district court correctly joined additional defendants as indispensable parties and then dismissed the case for lack of complete diversity. *See also Land v. Yamaha Motor Corp.*, No. IP 00-220-CH/G, 2000 WL 33226317, at *3 (S.D. Ind. Dec. 20, 2000) (denying plaintiff's motion to amend complaint under Rule 19(b) where the addition of proposed defendants would only serve to destroy diversity under § 1447(e)).

Accordingly, in a situation where a plaintiff following removal seeks to add a party that destroys complete diversity, the Court must choose one of the two options set forth in 28 U.S.C. §1447(e): either deny joinder or permit joinder and then remand. Here, Defendant AIIC removed the case to federal court. The Magistrate Judge granted Plaintiff DGB's Motion to Amend – significantly, without objection from AIIC, which only reserved its right to argue that diversity still existed. Thus, we never had the opportunity to decide whether joinder under Federal Rule of Civil Procedure 19(b) should be denied as AIIC did not object to the amended complaint. Therefore, pursuant to § 1447(e), we have no choice but to remand this case to state

3

court.

AIIC cites to several cases holding that subsequent events do not divest a federal court of diversity jurisdiction, and argues that they support retaining jurisdiction over the action. However, those cases do not involve the factual scenario explicitly described by § 1447(e). Instead, the subsequent events described in Defendant's cases involve, for example, a decrease in the amount in controversy, *see, e.g., Grinnell Mut. Reinsurance Co. v. Shierk*, 121 F.3d 1114, 1116 (7th Cir. 1997), or a change in citizenship after the suit was filed, *see, e.g.*, *Smith v. Widman Trucking & Excavating, Inc.*, 627 F.2d 792, 799 (7th Cir. 1980). These cases are not on point to the matter at hand. Rather, we must follow § 1447(e), which specifically informs us what to do in this situation.

Defendant AIIC also relies heavily on *Ansinelli v. Bercu*, No. 05-cv-0893-MJR, 2006 WL 3076655, at *3 (S.D. Ill. October 27, 2006), which found that the court continued to have subject-matter jurisdiction after joinder of a non-diverse defendant. However, we are not bound by the holding of that case.

## CONCLUSION

As this Court finds that complete diversity was destroyed by the joinder of Defendant Crowell, we no longer have subject-matter jurisdiction to hear this claim. We therefore need not reach the issue of whether the amount in controversy exceeds $75,000. This action is **REMANDED** to Lake Superior Court.

**SO ORDERED.**

ENTERED: June 14, 2007

s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT
